**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| POLY-AMERICA, L.P., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. _____ |
| | ) |
| API INDUSTRIES, INC., | ) JURY TRIAL DEMANDED |
| | ) |
| Defendant. | ) |
| | ) |

**COMPLAINT**

Plaintiff Poly-America, L.P. ("Poly-America"), by its attorneys, hereby alleges as follows:

**NATURE OF THE ACTION**

1.      This is an action for patent infringement under the patent laws of the United States, Title 35, United States Code, relating to the infringement of Poly-America's patents by the manufacture, use, importation, offer for sale, and/or sale of products by API Industries, Inc. ("API").

**PARTIES**

2.      Poly-America is a limited partnership organized and existing under the laws of the State of Texas, having its corporate offices and principal place of business at 2000 West Marshall Drive, Grand Prairie, TX 75051.  Founded in 1976, Poly-America designs, manufactures, and sells polyethylene products, including polyethylene trash bags.

3.      API is a corporation organized and existing under the laws of the State of New Jersey, having its principal place of business at 2 Glenshaw Street, Orangeburg, New York, 10962.

4.      API conducts business throughout the United States including this District, and has purposefully availed itself of this forum such that it should reasonably anticipate being haled into court here.

5.      API conducts business under the assumed name Aluf Plastics.

## JURISDICTION AND VENUE

6.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

7.      Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 and 1400(b).

8.      This Court has personal jurisdiction over API because, among other things, API is in the business of manufacturing, using, importing, offering for sale, and/or selling trash bags in Delaware.

## BACKGROUND

9.      On April 22, 2014, United States Patent No. 8,702,308 ("the '308 patent"), titled "Reduced Opening Elastic Drawstring Bag," was duly and legally issued.  It is attached as Exhibit A hereto.

10.      The '308 patent is presumed valid and remains in force.

11.      On September 3, 2013, United States Patent No. 8,523,439 ("the '439 patent"), titled "Elastic Drawstring Trash Bag," was duly and legally issued.  It is attached as Exhibit B hereto.

12.      The '439 patent is presumed valid and remains in force.

13.      Poly-America is the assignee and owner of the '308 and '439 patents, and is the owner of all rights, title, and interest in and to the '308 and '439 patents, including all rights to enforce the '308 and '439 patents and to recover for any and all infringement thereof.

2

14.     API, despite having knowledge of the claims of the '308 and '439 patents, has infringed and continues to infringe the '308 and '439 patents by its manufacture, use, sale, importation, and/or offer for sale of trash bags as described and claimed in the '308 and '439 patents.  API is liable for infringement of the '439 and '308 patents, literally or under the doctrine of equivalents, pursuant to 35 U.S.C. § 271.

15.     API manufactures trash bags including, but not limited to, trash bags sold and offered for sale in Home Depot stores among other locations.

16.     API trash bags sold and offered for sale in Home Depot stores are covered by one or more claims of each of the '308 and '439 patents.

17.     API's infringement has caused, is causing, and will continue to cause Poly-America to suffer damage and Poly-America is entitled to recover damages in an amount subject to proof at trial, but no less than a reasonable royalty as provided by 35 U.S.C. § 284.

18.     If API is permitted to continue to make, use, offer for sale, and sell its infringing trash bags, Poly-America will suffer irreparable harm, unrecoverable by money damages.

19.     An actual case or controversy exists between Poly-America and API with respect to infringement of the '308 and '439 patents.

## COUNT I

(Infringement of U.S. Patent No. 8,702,308)

20.     Poly-America incorporates all preceding paragraphs as if fully set forth herein.

21.     API has infringed, is infringing, will infringe, and/or will imminently infringe, literally or under the doctrine of equivalents, one or more claims of the '308 patent.

22.     API is without a reasonable basis for believing that it will not be liable for infringing the '308 patent.

23.     As a consequence of API's infringement of the '308 patent, Poly-America suffered, is suffering, and will continue to suffer irreparable harm for which there is no adequate remedy at law.  These injuries will continue unless and until API's infringing activities are preliminarily and permanently enjoined by this Court.

24.     As a consequence of API's infringement of the '308 patent, Poly-America suffered, is suffering, and will continue to suffer damages in an amount not yet determined.

## COUNT II

(Infringement of U.S. Patent No. 8,523,439)

25.     Poly-America incorporates all preceding paragraphs as if fully set forth herein.

26.     API has infringed, is infringing, will infringe, and/or will imminently infringe, literally or under the doctrine of equivalents, one or more claims of the '439 patent.

27.     API is without a reasonable basis for believing that it will not be liable for infringing the '439 patent.

28.     As a consequence of API's infringement of the '439 patent, Poly-America suffered, is suffering, and will continue to suffer irreparable harm for which there is no adequate remedy at law.  These injuries will continue unless and until API's infringing activities are preliminarily and permanently enjoined by this Court.

29.     As a consequence of API's infringement of the '439 patent, Poly-America suffered, is suffering, and will continue to suffer damages in an amount not yet determined.

## JURY DEMAND

30.     Poly-America demands a trial by jury on all issues.

## PRAYER FOR RELIEF

WHEREFORE, Poly-America, L.P. requests the following relief:

(a)     A declaration that API, though its manufacture, use, importation, sale, and offer for sale of its trash bags, has infringed, is infringing, and will infringe the '308 and '439 patents;

(b)     A preliminary and permanent injunction enjoining API and its officers, agents, servants, employees, parents, subsidiaries, affiliates, successors, assignees, licensees, and attorneys, and all persons acting in concert or participation with it, from infringing the '308 patent or the '439 patent;

(c)     Damages for harm caused by API's infringement of the '308 and '439 patents in an amount adequate to compensate Poly-America, which may be Poly-America's lost profits but in no event less than a reasonable royalty, together with prejudgment and post-judgment interest;

(d)     A declaration that this is an exceptional case and an award of attorneys' fees pursuant to 35 U.S.C. § 285;

(e)     An award of Poly-America's costs and expenses in this action; and

(f)     Such further and other relief as this Court may deem just and proper.

Dated; May 13, 2014

Respectfully submitted,

FARNAN LLP

/s/ Brian E. Farnan
Brian E. Farnan (Bar No. 4089)

OF COUNSEL:

919 N. Market St., 12th Floor
Wilmington, DE 19801

Bruce R. Genderson
302-777-0300
Craig D. Singer
302-777-0301
Aaron P. Maurer
bfarnan@farnanlaw.com
Andrew V. Trask
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, DC 20005
(202) 434-5000

Erica W. Harris
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100
Houston, Texas 77002
Telephone:  (713) 651-9366
Facsimile:  (713) 654-6666
eharris@susmangodfrey.com

*Attorneys for Plaintiff*
*Poly-America, L.P.*